IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEN RICHARD DRUM, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: |
| | § | 3:05-CV-0932-P |
| CYNTHIA FIGUEROA CALHOUN, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court are Plaintiff's Motion for Voluntary Dismissal of the claims

against Genevle Acklin, C. Sherwood a/k/a Cheryl M. Daniels, William Joseph Sonnack, Pattye

L. Haywood, Michael Pina, Patricia Rechtin, Linda Short, and Glenn E. Henderson, Plaintiff's

Motion for Remand, and the United States' Motion to Dismiss Pursuant to Fed. R. Civ. P.

12(b)(6).  For the reasons stated below, the Court GRANTS Plaintiff's Motion for Voluntary

Dismissal, DENIES Plaintiff's Motion for Remand, and GRANTS the United States' Motion to

Dismiss.

### I. Background and Procedural History

This action arises out of four federal tax lien notices filed by the United States against the

residence of taxpayers Ben R. and Tracy L. Drum.  On June 28, 1999, the Internal Revenue

Service ("IRS") assessed Mr. and Mrs. Drum for unpaid federal taxes in the amount of

$15,222.30 for the 1995 tax year. (Pl.'s Ex. A at 263.) Then, on December 20, 2000, the IRS

filed a Notice of Tax Lien against the Drum's residence at 7214 Woodsprings Drive, Garland,

Texas 75044-2839 in the Dallas County real property records.[1] (*Id.*) On April 8, 2003, the IRS

filed a second Notice for unpaid taxes in the amount of $10,392.50 for the 2001 tax year. (*Id.* at

266.) A third Notice was filed on April 24, 2003 for unpaid taxes in the amount of $37,359.53

for the 2000 tax year and in the amount of $10,392.50 for the 2001 tax year. (*Id.* at 269.) On

June 15, 2004, the IRS filed a fourth Notice for unpaid taxes in the amount of $26,927.31 for the

1998 tax year. (*Id.* at 272.)

Plaintiff Ben Richard Drum, proceeding *pro se*, alleges that the County Clerk, Defendant

Calhoun, should not have filed these Notices because they are invalid. Plaintiff claims that

"[t]here is no legitimately created 'IRS'," but that there is a legitimate Bureau of Internal

Revenue "that appears to have the right to regulate the importation and manufacturing of

Alcohol and Tobacco, Firearms and Explosives, and possibly some other excise taxable

activities only." (Pl.'s Third Am. Pet. at 90.) Plaintiff then asserts that he has no income tax

liability because the "so called IRS" does not have assessment authority over any of the activities

he engages in. (*Id.* at 86, 89.) Plaintiff maintains that "rogue agents" of this allegedly

illegitimate agency "create, generate, prepare and sign the rogue Form 668(Y)(c) Notices of

Lien, so that those unbacked 668(Y)(c)'s can be filed in public records, acting as if Plaintiff and

---

[1] Upon the assessment of unpaid federal taxes, the law created a lien in favor of the United States on all real and personal property belonging to the Drums. See United States v. McDermott, 507 U.S. 447, 448 (U.S. 1993) (citations omitted). However, pursuant to 26 U.S.C. § 6323(a), that lien could "not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof . . . has been filed." Id. at 448.

his ex-wife are somehow delinquent on their tax." (*Id.* at 91.)  For this and other reasons, Plaintiff argues that "the Notices of Lien filed against Plaintiff and his Home are therefore not valid, by the law's own admission, and should be 'canceled of record'." (*Id.* at 91.)  His claims against Defendant Calhoun are based solely on her recording these allegedly invalid federal tax lien notices.  (*Id.* at 112–13.)

Plaintiff originally filed suit against Defendants Cynthia Figueroa Calhoun and the County of Dallas in state district court.  (*Id.* at 1.)  Through an amended complaint, Plaintiff subsequently added eight (8) federal employees, Defendants Genevle Acklin, C. Sherwood a/k/a Cheryl M. Daniels, William Joseph Sonnack, Pattye L. Haywood, Michael Pina, Patricia Rechtin, Linda Short, and Glenn E. Henderson.  Although not named in the original complaint, the United States removed the case to this Court.  (Notice Removal at 1.)  The United States purported to remove the case pursuant to 28 U.S.C. §§ 1441, 1442, 1446, stating that the Defendant's amended complaint sought to prevent the federal employees from "performing in their official capacities as officers or employees of the Internal Revenue Service." (*Id.* at 2.)

On July 1, 2005, the United States filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff did not respond to this Motion.  Rather, on July 11, 2005, Plaintiff filed a Second Amended Petition and Plea for Remand.  The United States responded to Plaintiff's filing on July 20, 2005.  On July 25, 2005, Plaintiff filed a Third Amended Petition and Plea for Remand.  The United States responded to this third filing on July 29, 2005.

## II. Analysis

### A. Non-Suit of the Eight Federal Employees

In both Plaintiff's Second and Third Amended Petition, Plaintiff requests that the Court dismiss the suit against the eight (8) federal employees who were joined in state court. (Pl.'s Second Am. Pet. at 1–2; Pl.'s Third Am. Pet. at 1–2.) Plaintiff moves for voluntary dismissal "so that the case can return to the County of Dallas 191st District Court." (*Id.*) Fed. R. Civ. P. 41 provides the plaintiff with the "right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion." *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977). The Fifth Circuit has stated that dismissal by notice is appropriate even where the action remains pending against other defendants. *Plains Growers v. Ickes-Braun Glasshouses*, 474 F.2d 250, 255 (5th Cir. 1973); *see also Oswalt v. Scripto, Inc.*, 616 F.2d 191, 195 (5th Cir. 1980). Plaintiff's Motion for Voluntary Dismissal is GRANTED, and Plaintiff's claims against Genevle Acklin, C. Sherwood a/k/a Cheryl M. Daniels, William Joseph Sonnack, Pattye L. Haywood, Michael Pina, Patricia Rechtin, Linda Short, and Glenn E. Henderson are DISMISSED WITHOUT PREJUDICE.

### B. Motion to Remand

Having dismissed his case against the federal employees, Plaintiff asks the Court to remand his case to state court for want of jurisdiction. (Pl.'s Third Am. Pet. at 1–2.) The United States, however, argues that this action "does not dispose of the federal issue central to plaintiff's lawsuit." (Resp. Pl.'s Third Am. Pet. 2–3.) The United States contends that at the heart of

Plaintiff's complaint is a federal question, namely whether the four federal tax lien notices are valid. (*Id.*)

Removal of a state court action to federal court is proper when the complaint falls within the original subject-matter jurisdiction of the federal district court. *See* 28 U.S.C. § 1441(a). Where, as here, there is no diversity of citizenship between the parties, the propriety of removal depends upon the existence of a federal question, that is, whether any of Plaintiff's claims "arise under" federal law. *See* 28 U.S.C. § 1331. The burden of establishing that federal jurisdiction exists lies with the removing party. *See St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The existence of removal jurisdiction is "determined according to the plaintiffs' pleading at the time of the petition for removal." *Pullman v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

In the instant case, it is clear that removal was proper at the time the Notice of Removal was filed and that the Court therefore has removal jurisdiction over the case. Plaintiff joined eight (8) federal employees to the proceeding in state court. This allowed the United States to remove the case pursuant to 28 U.S.C. §§ 1331, 1441, 1442, 1446. (Notice Removal at 1.)

However, as discussed above, Plaintiff has dismissed his case against the eight (8) federal employees in an attempt to force remand to the state court. Plaintiff's case now proceeds against Defendants Calhoun and the County of Dallas. "[W]hen there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished." *Brown*, 901 F.2d at 1254. "Instead, the decision as to whether to retain the pendent claims lies within the sound discretion of the district court." *Id.* This is not

a case, however, where the Court has such discretion. The Court agrees with the United States that the dismissal of the eight (8) federal employees did not dispose of the federal question before the Court. The key issue at the heart of Plaintiff's complaint remains his challenge to the assessment of the federal income tax and the validity of the four federal tax lien notices. "[M]atters directly affecting the nature or operation of [federal tax] liens are federal questions. . . ." *United States v. Brosnan*, 363 U.S. 237, 240 (U.S. 1960); *see also Larrew v. United States*, No. 3:01-CV-350-P, 2001 U.S. Dist. LEXIS 8905, at *5 (N.D. Tex. June 11, 2001) (Lynn, J.) ("[F]ederal law clearly governs the validity of the Notice of Federal Tax Lien filed by the Internal Revenue Service." ). Because a federal question remains before the Court, the Court DENIES Plaintiff's Motion to Remand.

## C. Motion to Dismiss

Also pending before the Court is the United States' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff did not respond to this Motion. The United States argues that it is the real party in interest to this tax controversy and that Plaintiff's suit merely names Ms. Calhoun and the County of Dallas as Defendants in an effort to avoid the consequences of the federal government's sovereign immunity. (Brief Supp. Mot. Dismiss at 4.)

"The law is well settled that the government is not subject to suit unless it has waived its sovereign immunity." *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 629 (5th Cir. 2002). "Such waiver, however, must be narrowly construed to comport precisely with congressional intent." *Id.* As such, "no suit may be maintained against the United States unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has

consented to be sued." *Id.* "Federal agencies and government employees acting in their official capacity also are protected by sovereign immunity." *Williams v. EEOC*, No. 3-04-CV-2697-M, 2005 U.S. Dist. LEXIS 1187, *3–4 (N.D. Tex. 2005) (Kaplan, Mag. J.). Therefore, "application of the doctrine of sovereign immunity cannot be avoided by simply naming agencies or individual employees." *Moorer v. United States*, No. 3:95-CV-1130-BC, 1997 U.S. Dist. LEXIS 23813, *20 (N.D. Tex. May 21, 1997) (Boyle, Mag. J.) (citing *National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1246 (10th Cir. 1989)); *Kadonsky v. United States*, No. 3:96-CV-2969, 1997 U.S. Dist. LEXIS 24002, *32 (N.D. Tex. Aug. 5, 1997) (Boyle, Mag. J.).

In this case, Plaintiff brings his claim against the County Clerk and the County of Dallas. However, the essence of Plaintiff's claim is a challenge to the authority of the IRS to assess the federal income tax and to file federal tax lien notices. "The question whether the United States is a party to a controversy is not determined by the merely nominal party on the record but by the question of the effect of the judgment or decree which can be entered." *Oregon v. Hitchcock*, 202 U.S. 60, 69 (U.S. 1906). "[T]he suit is one against the United States if 'the judgment would expend itself on the public treasury or domain, or interfere with the public administration.'" *Blake Constr. Co. v. American Vocational Asso.*, 419 F.2d 308, 312 (D.C. Cir. 1969). In this case, Plaintiff seeks not only damages but also injunctive relief barring the County Clerk from accepting federal tax lien notices. (Pl.'s Third Am. Pet. at 114.) Plaintiff also asks the Court to order Defendants to remove the federal tax lien notices filed against his residence from the Dallas County real property records. (*Id.*) Obviously, an order barring the United States from filing federal tax lien notices would greatly interfere with the federal government's ability to

assess and collect taxes. As such, the Court concludes that the United States is the real party in interest in this case.

As the real party in interest, the United States argues in its Motion to Dismiss that the Anti-Injunction Act, 26 U.S.C. § 7421, expressly bars Plaintiff's claim that the federal income tax assessments against him are improper. (Brief Supp. Mot. Dismiss at 5.) Section 7421 provides, with a few limited exceptions, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The primary purpose of the statute is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference 'and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Smith v. Rich*, 667 F.2d 1228, 1230 (5th Cir. 1982) (quoting *Bob Jones University v. Simon*, 416 U.S. 725, 736 (1974)). The Court agrees that the Anti-Injunction Act bars Plaintiff's claim that the federal income tax was wrongfully assessed against him and that the federal tax lien notices were therefore wrongly filed against his real property.

In the end, Plaintiff's complaint is a challenge to the federal government's assessment of income tax. Congress has provided other avenues for bringing such challenges. *See* 26 U.S.C. § 7422 (allowing a taxpayer to pay deficiency and then sue for a refund); 26 U.S.C. § 6213(a) (providing that the taxpayer can petition the Tax Court for a redetermination of a deficiency). Plaintiff cannot sidestep the appropriate procedures for filing such claims by seeking injunctive or declaratory relief in this Court. The Court thus GRANTS the United States' Motion to

Dismiss, and Plaintiff's claims against the United States, Cynthia Figueroa Calhoun, and the County of Dallas are DISMISSED WITH PREJUDICE.

### Conclusion

Having thoroughly considered the Motions, the parties' briefing, and the applicable law, the Court hereby GRANTS Plaintiff's Motion for Voluntary Dismissal. Plaintiff's claims against Genevle Acklin, C. Sherwood a/k/a Cheryl M. Daniels, William Joseph Sonnack, Pattye L. Haywood, Michael Pina, Patricia Rechtin, Linda Short, and Glenn E. Henderson are therefore DISMISSED WITHOUT PREJUDICE. The Court also DENIES Plaintiff's Motion for Remand and GRANTS the United States' Motion to Dismiss. Plaintiff's claims against the United States, Cynthia Figueroa Calhoun, and the County of Dallas are thus DISMISSED WITH PREJUDICE.

**It is so ordered.**

Signed this 9th day of September 2005.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE